**FRANCIS LOBOSCO ESQUIRE, LLC**
181 Cherry Valley Road
Princeton, New Jersey 08540
Phone: (609)751-3274
Fax: (609) 964-1587
E-mail: frank@loboscolaw.com
FLB-7891

US BANKRUPTCY COURT
FILED
NEWARK, NJ

2014 FEB 10 PM 4:03

JAMES J. WALDRON

| | |
|---|---|
| In re:<br><br>EDWARD ROBERTS and NANCY ROBERTS, 196 Linden Avenue, Belleville, N.J. 07109 | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br><br>CHAPTER 7<br><br>Case No.: 09-11592 (DHS) |
| EDWARD ROBERTS and NANCY ROBERTS,<br>        Plaintiffs,<br>v.<br>HESAA - NJ CLASS (New Jersey Higher Education Student Assistance Authority), P.O. Box 544, Trenton, N.J. 08625,<br><br>        Defendant. | Adv. No.:<br><br>DEBTORS' COMPLAINT TO OBTAIN DECLARATION/DETERMINATION OF DISCHARGEABILITY OF DEBT |

Debtors, EDWARD ROBERTS and NANCY ROBERTS (Debtors), by their undersigned attorney, allege as follows:

Nature of the Action

1. Debtors, the parents of Edward Roberts, III (Son), seek a declaration that any liability they had for their Son's educational Debt (defined *infra*), whether in a capacity of guarantor, co-signer or otherwise -- was discharged in the bankruptcy action. Alternatively, they seek a determination that the Debt is dischargeable based on undue hardship.[1]

Jurisdiction and Venue

---

[1] After graduating college, the Debtors' Son has been unable to obtain full-time employment, but continues to seek such employment.

2. On or about January 24, 2009, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§101 *et seq.*).

3. Prior to filing for bankruptcy protection, they sought unsuccessfully to resolve their financial burdens through debt counseling with Clear Debt Solutions.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (*inter alia*).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

Factual Allegations

7. Debtor NANCY ROBERTS is disabled. She is unable to work. She applied to the Social Security Administration for disability benefits and was found to be disabled. She is under medical care, and suffers from post-partum psychosis and depression. For about the last 15 years, her disability payments have been her only source of income at approximately $1,300 per month.

8. Debtor EDWARD ROBERTS formerly enjoyed long-term employment earning monthly wages of approximately $7,400.00. In October 2010, as a result of forced retirement, he permanently lost his full-time position. His only source of income is approximately $800.00 per month from a school custodial function. He is under medical care, and suffers from severe panic disorder, anxiety and depression.

9. Schedule F, at pages 1 and 2, identifies Defendant, "HESAA- NJCLASS, P.O. Box 544, Trenton, N.J. 08625" as an unsecured creditor of the estate; and lists the following loans obligations for discharge: Account Numbers PO4002795, PO7509280, PO5003377,

PO6580705 and PO3006884 in the amounts of $33,024.00, $35,393.00, $43,697.00, $40,084.00 and $1,486.00, respectively (collectively, the "Debt").

10. The Debt is included in the estate's total liabilities of $530,347.00 as set forth in the Schedules.

11. On or about March 30, 2009, the Chapter 7 trustee issued his Report of No Distribution in which Defendant was notified that "there is no property available for distribution from the estate over and above that exempted by law," and that the "Claims scheduled to be discharged without payment [are] $530,347.00."

12. Thus, Defendant was notified that a discharge was being sought "without payment" of its Debt.

13. Defendant filed no objection to discharge.

14. On May 8, 2009, an Order was entered granting Debtors a discharge pursuant to 11 U.S.C. § 727.

## First Count
(Declaratory Judgment)

1. Debtors repeat and reallege all allegations of the Complaint as if fully set forth herein.

2. A discharge operates to discharge a debtor from all debts that arose before the date of the order for relief.

3. Defendant received notification as a creditor that the Debtors' sought to discharge the Debt.

4. Numerous grounds are available through the Code to object to discharge. See generally 11 U.S.C. §§ 523 and 727.

5. For example, Defendant was authorized to seek a determination of whether and to what extent the Debt "qualified" as educational debt within the meaning of the discharge exception ground of Section 523(a) (8), and then whether Debtors' financial circumstances amounted to "undue hardship" as such information was disclosed in the Petition, Schedules and Statement of Financial Affairs. 11 U.S.C. § 523(a) (8) ("A discharge under section 727...of this title does not discharge an individual debtor from any debt—[] unless excepting such debt from discharge...would impose an undue hardship on the debtor and the debtor's dependents.")

6. The Debt is a "claim" within the meaning of the Code. The claim is listed for discharge on Schedule F as unsecured, non-priority debt, and Defendant was properly notified.

7. Defendant failed to object to the discharge of the Debt.

8. The discharge Order is final.

9. Defendant's opportunity has expired to either challenge the Order or to seek determinations of any kind pertaining to it.

10. The discharge prohibits further attempts to collect the Debt. See e.g. 11 U.S.C. § 524.

11. Post-discharge the Debtors continue to be pursued for collection of the Debt.

**WHEREFORE**, Plaintiffs/Debtors demand judgment against Defendant declaring that any obligation owed to Defendant has been discharged, for legal fees and costs of suit, and for such other and further relief that the Court may deem just and proper.

<u>Second Count</u>
(11 U.S.C. § 523(a) (8) Undue Hardship Determination)

1. Debtors repeat and reallege all allegations of the Complaint as if fully set forth herein.

2. Debtors are unable to pay the Debt.

3. Debtors' health has been adversely affected by financial stress resulting from collection efforts over the Debt, which has exacerbated their medical conditions requiring medical treatment.

4. To the extent the Court were to determine that the Debt qualifies in whole or in part as educational debt within the meaning Section 523(a)(8) of the Code, the repayment of such Debt represents an undue hardship on the Debtors.

5. As a result the Debt owed to the Defendant should be dischargeable pursuant to 11 U.S.C. § 523(a) (8).

**WHEREFORE**, Plaintiffs/Debtors demand judgment against the Defendant determining that any obligation owed to Defendant is dischargeable because its exception from discharge represents an undue hardship, for attorneys' fees and costs of suit, and for such other and further relief that the Court may deem just and proper.

_____
Francis LoBosco, Esq.
Attorney for Debtors

Date: January 31, 2014